RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9 / 13 / 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CARLTON TURNER** | CIVIL ACTION NO. 1:12-CV-1167 |
| **VERSUS** | JUDGE DRELL |
| **WARDEN** | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Carlton Turner, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, who is incarcerated at the David Wade Correctional Center, filed the instant petition for writ of *habeas corpus*. Petitioner challenges his 1996 conviction for first degree murder, obtained by plea agreement, in the Louisiana Thirty-Fifth Judicial District Court, Grant Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636. For the following reasons it is recommended that the petition be deemed successive and that it be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631, since this Court lacks jurisdiction to consider Petitioner's claims.

### Background

Petitioner plead guilty in 1996 to first degree murder of Deputy Sheriff Bobby Thompson. He did not appeal his conviction or sentence. Plaintiff filed an application for post conviction relief in the 35th Judicial District Court on June 24, 1999. The

application was denied, after an evidentiary hearing, on August 16, 2001. [Id.] On November 26, 2001, Petitioner applied for a writ of review with the Louisiana Third Circuit Court of Appeals. The writ application was denied on June 18, 2002. State v. Turner, 01-01546 (La. 3rd Cir. App. 6/18/2002). The Louisiana Supreme Court denied writs on October 17, 2003. State ex rel. Turner v. State, 02-3031 (La. 10/17/2003), 855 So.2d 754.

On September 15, 2003, Petitioner filed a petition for writ of habeas corpus in this Court claiming that his court appointed counsel was ineffective and that his plea was not voluntary. On October 30, 2003, the Court ordered Petitioner to supplement his petition with a complete procedural history to show that his claims were exhausted. The petition was dismissed as time-barred on May 21, 2004.

In this most recent petition, Petitioner now alleges that he actually killed the victim officer in self-defense. Petitioner claims that co-defendants attacked the officer, and the officer turned his gun on Petitioner and attempted to shoot him. At that point, Petitioner shot the officer in self-defense. Petitioner states that this information constitutes "new evidence" as it was provided to him by a co-defendant.

### Law and Analysis

The AEDPA does not define "second or successive." The Supreme Court has stated that the term "takes its full meaning from [the

Court's] case law, including decisions predating the enactment of [AEDPA]." Panetti v. Quarterman, 551 U.S. 930, 943-44 (2007). The Fifth Circuit has stated that "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (citations omitted).

The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) citing Felker v. Turpin, 518 U.S. 651, 655-58 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

Clearly, under either standard, the instant petition is "second or successive." The self-defense claim raised herein could have been raised in the previous petition. Moreover, Petitioner's first federal habeas corpus petition was adjudicated on the merits, and was denied and dismissed with prejudice. Hence, the instant petition is unquestionably second and successive.

Before this petition may be considered by the District Court, petitioner is required to obtain authorization to file this second

or successive § 2254 petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The record does not show that petitioner has received such authorization. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

In In re Epps, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure to be employed when a successive petition is transferred from a district court. Epps implies that the transfer of successive habeas corpus petitions to the Fifth Circuit for consideration under §2244 is proper. Moreover, transfer of this case appears appropriate and authorized under 28 U.S.C. §1631 which provides in part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred...."

Accordingly, this petition should be transferred to the Fifth Circuit for consideration under §2244.

**IT IS THEREFORE RECOMMENDED** that the instant second and successive petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for determination as to whether authorization to file a second or successive petition should be granted in accordance with 28 U.S.C. § 2244(b)(3)(A).

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court,** except upon grounds of plain error. See

**Douglass v. USAA**, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 13th day of September, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE